## JAMISON *a.* BEECHER.

*Supreme Court, First District ; Special Term, February,* 1857.

### AFFIDAVIT.—CONSTRUCTION OF.

Where one of several plaintiffs made an affidavit on which to obtain an attachment, in which he stated that " the plaintiffs aver" certain facts,—*Held* that this was proof by affidavit of the existence of those facts so as to authorize the attachment.

Motion to set aside a warrant of attachment.

This action was brought by several plaintiffs, and a warrant of attachment was granted on the affidavit of one of them. The defendant now moved to set aside that warrant for insufficiency in the affidavit on which it was founded. The point in which the affidavit was considered insufficient was this; that at one passage it proceeded thus—" the plaintiffs aver " certain facts.

*W. T. McCoun,* for the motion, contended that to state that plaintiffs averred a fact, was not proof by affidavit that the fact existed.

*Mr. Jernigan,* opposed.

Jamison *a*. Beecher.

PEABODY, J.—This affidavit certainly seems, as claimed by defendant, not to state the facts, but to state rather that plaintiffs aver these to be facts; and this would be the case if the affidavit were made by another person than one of the plaintiffs of whom it speaks. If the defendant should say of other persons, " they aver" certain facts, he would not thereby depose that those facts existed, but that the persons spoken of averred their existence. But this affidavit is made by one of the plaintiffs, and he at the place referred to proceeds to say that the plaintiffs (he himself and the other plaintiffs) aver the existence of these facts. If plaintiffs aver them, deponent as one of the plaintiffs avers them. If deponent avers them in this affidavit, he does by affidavit show their existence. It does therefore, in the language of the statute, " appear by affidavit" that they exist. The term plaintiffs includes deponent with the other plaintiffs, and he states the facts as being averred by himself and the other plaintiffs. So far as the deponent is concerned, therefore, the meaning of the language is the same as if he had proceeded—" this deponent avers," &c., &c. He now says in effect, that he and the other plaintiffs all aver. He makes this averment under oath, and this he does as certainly and with the same effect as if he had not coupled the other plaintiffs with himself in the statement. In effect then, he says, " this deponent avers ;" and this form of expression is almost the same as that in most common use, " this deponent says," which would be deemed entirely satisfactory to the most critical. I think, therefore, that the existence of the facts does " appear by affidavit," and that the justice who granted the warrant was authorized to grant it; that it is sufficiently sustained by the affidavit, and consequently that this motion to discharge it must be denied. But as there was, in the informality relied on, sufficient to lead defendant to make the motion, it must be denied without costs